## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KELLY ANJEL SALAT | ) | Case No. 20-31633-KRH |
| | ) | Chapter 13 |
| Debtor | ) | |

### MEMORANDUM IN SUPPORT OF MOTION TO IMPOSE AUTOMATIC STAY

COMES NOW KELLY ANJEL SALAT (the "Debtor"), by counsel, pursuant to 11 U.S.C. § 362(c)(4)(B) and files the following Memorandum in Support of Motion to Impose Automatic Stay and, and affirmatively states as follows:

### Jurisdiction

1.    Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§ 1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtor.

2.    This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O).

3.    Venue is proper pursuant to 28 U.S.C. § 1409.

### Background Facts

4.    On March 20, 2020 (hereinafter the "Petition Date"), the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code (the "instant case").

5.    Within the year prior to filing the instant case, Debtor has been a debtor in two (2) pending Chapter 13 bankruptcy case which were filed on March 22, 2019 and dismissed on or about March 22, 2020 (Case No. 19-31518) and on May 8, 2014 and dismissed on or about February 28, 2019 (Case No. 14-32538) (the "previous cases").    In addition, the Debtor was a

James E. Kane (VSB# 30081)
KANE & PAPA, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

debtor in a Chapter 13 case filed on March 26, 2013 and dismissed on or about November 15, 2013 (Case No. 13-31666) and a Chapter 13 case filed on November 28, 2000 wherein the Debtor received a discharge on July 15, 2004 (Case No. 00-14756).

6.      The most recent case was dismissed on the Chapter 13 Trustee's Motion due to delinquent payments.  In the previous case the Debtor had unforeseen expenses arise from her son's college and her daughter's wedding, which caused her to be unable to afford her Plan payments.  In addition, the Debtor was separated from her spouse during the previous case.  The Debtor is currently back together with her spouse, she currently has less expenses and doesn't expect any large expenses, and she will be putting in a wage directive in this case.

## Facts of the Instant Case

7.      In the instant case, Debtor has proposed a Chapter 13 Plan (the "Plan") that commits to pay the Trustee all projected disposable income, $1,170.00 per month for 60 months.

8.      Among other provisions, the Plan proposes the following: Payment through the Trustee to Select Portfolio Servicing for mortgage arrearages, and to unsecured creditors a dividend of one hundred percent (100%).

## Discussion

9.      Because the instant case was commenced within one (1) year of the dismissal of the prior cases, the automatic stay in the instant case is not imposed "with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease . . . " unless the Court imposes the automatic stay. 11 U.S.C. § 362(c)(4)(A) and (B).

10.     Pursuant to 11 U.S.C. § 362(c)(4)(B), Debtor must demonstrate to the Court that the instant case was filed in good faith in order to obtain an imposition of the automatic stay.

2

11.     If the Court finds grounds for presuming the instant case was filed "not in good faith," § 362(c)(4)(C) would impose a burden on Debtors to overcome such presumption and prove good faith by clear and convincing evidence. If, however, the Court finds no grounds for presuming the instant case was filed "not in good faith," Debtors must merely prove good faith by a preponderance of the evidence. In re Havner, 336 B.R. 98, 103 (Bankr. M.D.N.C. 2006); In re Ball, 336 B.R. 268, 273 (Bankr. M.D.N.C. 2006).

12.     Within the context of motions to impose the automatic stay pursuant to § 362(c)(4), In re Chaney, 362 B.R. 690, 694 (Bankr. E.D. Va. 2007), instructs that the term "good faith" was defined judicially in the Fourth Circuit by Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982), further refined by Neufeld v. Freeman, 794 F.2d 149, 152 (4th Cir. 1986), and left unchanged by Congress when it created § 362(c)(3). Chaney at 694.

13.     Pursuant to Neufeld v. Freeman, good faith determinations require courts to consider, *inter alia*, "the percentage of proposed repayment, the debtor's financial situation, the period of time payment will be made, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual or exceptional problems facing the particular debtor." Id. at 152, *citing* Deans v. O'Donnell, 692 F.2d at 972. The focus of the inquiry is "to determine whether or not . . . there has been 'an abuse of the provisions, purpose, or spirit' of Chapter 13 in the proposal or plan." Neufeld at 152, *citing* Deans at 972, and *quoting* 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978).

14.     In order to apply the Fourth Circuit's definition of good faith in determining whether the automatic stay should be imposed pursuant to § 362(c)(4), "the court must be satisfied that the plan in the new case will succeed where the plan in the prior case did not. Usually this will

3

require a finding that some change in the financial or personal affairs of the debtor has occurred

that will allow the debtor to perform under the terms of the plan in the new case. But the inquiry

does not end there. The court needs to determine that the repetitive filing does not violate the spirit

of the Bankruptcy Code. The new case must not be a ploy to frustrate creditors. It must represent

a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13." <u>Chaney</u>

at 694.

### <u>Argument</u>

15.      In the case *sub judice* there is a presumption that the instant case was filed "not in

good faith" as to all creditors. Therefore, Debtor must prove by clear and convincing evidence that

the instant case was filed in good faith.

16.      In the instant case, the Debtor has acted in good faith, and Debtor requests that the

Court grant an extension of the automatic stay as to all creditors, as to Debtor and the Debtor's

property, and as to the property of the estate for the duration of the instant case. In support thereof,

Debtor submits an Affidavit, which is attached hereto as Exhibit "1" and incorporated herein by

this reference.

17.      Applying the <u>Neufeld </u>factors to Debtor's circumstances and to this case leads to

the following conclusions:

a.      *Percentage of proposed repayment -* The Plan proposes to pay a dividend of 100%

to non-priority unsecured creditors. Such creditors would receive a dividend of 0% if Debtor were

to file a Chapter 7 bankruptcy case.  Application of this factor favors a finding of good faith.

b.      *Debtor's financial situation* – Debtor has income from working as a program

manager.  Application of this factor favors a finding of good faith.

c.      *Period of time payment will be made* - The period of time in which payments will be made is reasonable and is based upon the Debtor's best efforts. Application of this factor favors a finding of good faith.

d.      *Debtor's employment history and prospects* – Debtor has income from working as a program manager.  Application of this factor favors a finding of good faith.

e.      *Nature and amount of unsecured claims* – Debtor's Schedule F non-priority unsecured debts are estimated to be approximately $147,933.00. Debtor has not incurred any unsecured debt for luxury goods or services or any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case.  Application of this factor favors a finding of good faith.

f.      *Debtor's past bankruptcy filings* - The instant Motion is required due to the fact that the Debtor's previous case that was dismissed within one (1) year of the Filing Date hereof. The Affidavit attached hereto as Exhibit "1" describes fully the reasons that the previous case was dismissed.  Debtor incorporates such explanation herein by this reference. Debtor's hardships do not indicate an abuse of the bankruptcy system; rather, they indicate an honest but thus far unsuccessful attempt to financially reorganize. Application of this factor favors a finding of good faith.

g.      *Debtor's honesty in representing facts* – Debtor has fully disclosed all assets, liabilities, and pertinent information regarding personal and financial affairs and is prepared to cooperate fully with the Chapter 13 Trustee. Application of this factor favors a finding of good faith.

h.      *Any unusual or exceptional problems facing the particular debtors* – There are no unusual or exceptional problems facing Debtor. Application of this factor favors a finding of good faith.

18.      Debtor asserts that the instant case does not "violate the spirit of the Bankruptcy Code" and it is not "a ploy to frustrate creditors"; rather, it represents "a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13". *See* Chaney at 694. In support hereof, the Debtor asserts the following additional arguments:

a.      *The timing of the petition* – Between the dismissal of the previous case and the instant case, Debtor did not act in a manner so as to purposely delay payment of debts and did not delay in filing the instant case so as to intentionally frustrate creditors.  Debtor's actions in this regard indicate an intent to use the bankruptcy system to resolve debts in an appropriate manner. Application of this factor favors a finding of good faith.

b.      *How the debt(s) arose* – The debts in this case arose primarily over a period of time extending back several years. The debts were not the result of misuse of credit or luxury spending; rather, they arose as a result of ordinary living expenses that Debtor became unable to repay. Application of this factor favors a finding of good faith.

c.      *The debtor's motive in filing the petition* – Debtor's motive in filing this case is to apply best efforts to repay creditors and receive a fresh start through bankruptcy. Application of this factor favors a finding of good faith.

d.      *How the debtor's actions affected creditors* – The Plan provisions and treatment of creditors are generally described in paragraph 7, *supra*. This factor will rarely favor a debtor, because "[f]iling for bankruptcy relief will almost always prejudice one's creditors." Galanis, 334 B.R. at 696.

6

e.      *Changes in circumstance and ability to complete this case* – The Affidavit attached hereto as Exhibit "1" describes fully the Debtor's changes in circumstances and explain both the legitimate bases for the filing of this case as well as the Debtor's ability to complete this case. Debtor incorporates such explanations herein by this reference. Application of this factor favors a finding of good faith.

WHEREFORE, for the foregoing reasons, KELLY ANJEL SALAT respectfully requests this Honorable Court to enter an Order imposing the automatic stay as to all creditors, as to Debtor and Debtor's property, and as to the property of the estate for the duration of the instant case, and for such other and further relief as to the Court shall be deemed appropriate.

Respectfully submitted,

KELLY ANJEL SALAT

By Counsel:

/s/ James E. Kane
James E. Kane (VSB# 30081)
KANE & PAPA, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

## CERTIFICATE OF SERVICE

I certify that on April 3, 2020, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtor, Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, all attorneys appearing in the previous case as listed below, and to all creditors and parties in interest of the mailing matrix attached hereto.

/s/ James E. Kane
Counsel for Debtor

7

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE:                                   )
                                         )
KELLY ANJEL SALAT                        )        Case No. 20-31633-KRH
                                         )        Chapter 13
                    Debtor               )

### AFFIDAVIT OF KELLY ANJEL SALAT

BEFORE ME, the undersigned authority, personally appeared KELLY ANJEL SALAT, known to me, and upon oath, stated as follows:

1.      My name is KELLY ANJEL SALAT I am above the age of 18 years, and competent to make this affidavit.

2.      I have personal knowledge of the facts set forth in this affidavit.

3.      I reside at 5220 Windbreak Drive, Fredericksburg Virginia 22407.

4.      I have income from working as a program manager.

5.      Within the year prior to filing the instant case, I have been a debtor in two (2) pending Chapter 13 bankruptcy case which were filed on March 22, 2019 and dismissed on or about March 22, 2020 (Case No. 19-31518) and on May 8, 2014 and dismissed on or about February 28, 2019 (Case No. 14-32538) (the "previous cases").   In addition, the Debtor was a debtor in a Chapter 13 case filed on March 26, 2013 and dismissed on or about November 15, 2013 (Case No. 13-31666) and a Chapter 13 case filed on November 28, 2000 wherein the Debtor received a discharge on July 15, 2004 (Case No. 00-14756).

6.      The most recent case was dismissed on the Chapter 13 Trustee's Motion due to delinquent payments.  In the previous case I had unforeseen expenses arise from my son's college and my daughter's wedding, which caused me to be unable to afford my Plan payments.  In

addition, I was separated from my spouse during the previous case.  I am currently back together with my spouse, I currently have less expenses and do not expect any large expenses, and I will be putting in a wage directive in this case.

7.      I have listed all of my assets and all of my debts and have fully and accurately disclosed all of my income and expenses in the Schedules in this case.

8.      I have proposed the following treatment of my creditors in my Chapter 13 Plan: $1,170.00 for 60 months.  Among other provisions, the Plan proposes the following: Payment through the Trustee to Select Portfolio Servicing for mortgage arrearages, and to unsecured creditors a dividend of one hundred percent (100%).

9.      After the dismissal of my previous case, I acted as fast as I reasonably could to retain a bankruptcy attorney to file this case for me because I want to use the bankruptcy system to resolve my debts.

10.     My debts arose as a result of ordinary living expenses. The debt I have has accumulated over several years and is not the result of any purchases of luxury goods or services.

11.      I have also not incurred any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case.

12.     I desire to use the bankruptcy system to obtain a fresh start and have not been attempting to evade my responsibilities or delay my creditors' attempts to collect.

13.     My income is consistent and likely to remain so during this case.  My household expenses are not likely to change substantially.  I believe I will be able to make my payments to the Trustee and meet my other obligations as they come due throughout this case.

WITNESS the following signature and seal on March 20, 2020.


/s/ KELLY ANJEL SALAT   (seal)
KELLY ANJEL SALAT


## CERTIFICATE OF ACKNOWLEDGMENT

State of Virginia
City of Richmond; to wit:

The foregoing instrument was acknowledged before me on March 20, 2020, by KELLY ANJEL
SALAT.


/s/ Cynthia Mae Dodd
Notary Public


My Commission Expires: _____ August 31, 2022 _____
Notary Registration Number: _____ 7798258 _____

Club Land'or Limited
2120 Staples Mill Road
Richmond, VA 23230


ECMC
P O Box 16478
Lock Box 8682
Saint Paul, MN 55116


FedLoan Servicing
Attn: Bankruptcy
Po Box 69184
Harrisburg, PA 17106


Global Payments
Po Box 66118
Chicago, IL 60666


I C System Inc
Attn: Bankruptcy
Po Box 64378
St Paul, MN 55164


Land'or International, Inc.
2120 Staples Mill Road
Suite 300
Richmond, VA 23230


Midland Funding
2365 Northside Dr Ste 300
San Diego, CA 92108


National Credit Adjusters LLC
Attn:  Chassity Lindeman
PO Box 3023
Hutchinson, KS 67504


Select Portfolio Servicing
P.O. Box 65450
Salt Lake City, UT 84165


Virginia Department of Taxatio
PO Box 2369
Richmond, VA 23218

```
Wells Fargo Dealer
PO Box 25341
Santa Ana, CA 92799
```